May it please the court. Mr. Fortman. Yes, Jonathan Fortman for the Hampton, I'm gonna call them the Hampton parties. It's David Hampton and Window World of Chicagoland. And really what this case involves is just the interplay between a default, setting aside the default, and a consolidation, and the perfect storm that arose based on timing of certain issues. And I think, you know, really the issue is pretty simple. It comes down to the res judicata and it really comes down to the first element is to the effect of this consolidation once the default in the other case, the case that Window World had filed against the Hamptons, was set aside. So if we look at the vacating of that default judgment, Window World takes a position that it was conditional upon the Hamptons paying the expenses of Window World as ordered by Judge Durkin. But I think if you look at that order it certainly says that it is unequivocally set aside and that he will award those costs. And when my client paid those costs, he reinstated the default. However, as soon as the default had been set aside in the initial order, we immediately filed a motion to consolidate those cases. And that was granted by the judge because we wanted to kind of avoid- I'm puzzled by why you think that it matters whether the rules of preclusion apply here. If the rules of preclusion don't apply because the cases have been fully consolidated, then what does apply is the doctrine of the law of the case. And the law of the case is, if this is all one case as you contend, is that this issue has already been resolved with prejudice as a result of your client's default. I just can't see what difference it makes whether the district judge applied the rubric preclusion or law of the case. Well, I think that if you look at the default that was honored, if that, you know, that final judgment had to do with the Hamptons kind of- It has to be the same claim or it wouldn't even be within the world of race judicata, right? Well, I think it's got the same facts, certainly the same facts and underlying circumstances. I wish you'd address my question, which is what difference does terminology make when the underlying problem is that this issue had been resolved as a result of your client's default and your client then failed to pay the sanction that was levied as a condition of lifting the default. What difference does it make whether we call it preclusion or race judicata? Well, the case judge does away with my client's claims of their breach. I mean, I think you can have a bilateral breach in this case. Yeah, I just don't see, you're not addressing my question. If you think there is some material difference between the issue resolved in the default and the current issue, then race judicata would not block the current issue. But you are conceding that race judicata, if it applies, ends this case. That's what leads to my question, why it matters whether this is called preclusion or race judicata or law of the case. Well, and I still think, Judge, that even if we say race judicata would apply under the second and third elements, that there's still a bilateral breach. I mean, I think that we still would have a claim for the breach of window world that we alleged occurred earlier than that breach. But certainly, you know, I really don't have a clear answer for that, Judge, because I don't think there is one. I mean, I don't think, I've not seen any case anywhere that comes close to any fact pattern that this case presents. And it really caused a lot of concern for me in the underlying case. And, you know, it's one of those where, as the trial lawyer, we're trying to do things on the fly. We're trying to do it correctly. And, you know, as tried as we might, it doesn't always work. But we just believe that the consolidation takes away the final judgment and takes away that first prong of race judicata. Thank you. Thank you, Mr. Fortman. Ms. Groh. May it please the Court. I'd like to start right away with what is the final judgment. Could you raise your voice, please? Of course. I'd like to start with what is the final judgment that forms the basis for a is the December 4, 2012 order. While the district court was willing to set aside that order, conditioned on the payment of fees, the payment of fees never happened. And so the December order was reinstated. And I really can't emphasize that point enough, that the December order was reinstated. It had the effect from the date that it was originally entered. It fully and finally motioned to dismiss. The district court recognized this and held that the December 4 default judgment is a final judgment in an earlier action, and said that it met the first element of race judicata. The Hampton parties, in their brief, don't address this point at all, other than a few conclusory sentences that say the December 4 order can't be a final order because it was vacated. That, again, fundamentally ignores the point that it was reinstated. Because of this, I don't think that this court needs to look any further than the August 5th order reinstating the default, where the district court was perfectly clear what it intended to do. It said that it reinstated the default, the clerk was directed to reinstate the default judgment, and that's, in fact, what happened. Because of this, the court doesn't even need to reach the consolidation issue. But there, again, I think it's clear from the district court's orders that the judge exercised Rule 42a discretion to consolidate the cases solely for discovery, all the way through the time that the consolidation order was entered in April, until the time that the default was reinstated. It was clear that the cases were joined simply for discovery. Because of that, the final order in a prior case is the final judgment, and it is not affected by the fact that the second case, it continues. Thank you, Your Honors. Thank you, Ms. Groh. Anything further, Mr. Fortman? Not much to reply to. Nothing further, Your Honor. Okay. Thank you very much. The case is taken under advisement.